UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LISA BELL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALLEN BELL, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Cause No. 1:21-CV-368-HAB |
| WALMART, INC., | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

"Words have meaning, and the ability to stretch the meaning of words has its limits. They do not have infinite pliability. Words create mischief if they're stretched too far. Words don't mean whatever we want them to mean." *Matthews v. Polar Corp.*, Case No. 22-cv-649, 2023 WL 4534543, at *9 (N.D. Ill. Mar. 22, 2023). Ignoring this truth, Plaintiff, playing Humpty Dumpty to the Court's Alice, moves to set aside the entry of summary judgment against her. (ECF No. 27). *See* Lewis Carroll, Through the Looking Glass (1871) ("'When I use a word,' Humpty Dumpty said, in a rather scornful tone, 'it means just what I choose it to mean—neither more nor less.' 'The question is,' said Alice, 'whether you can make words mean so many different things.' 'The question is,' said Humpty Dumpty, 'which is to be master—that's all.'"). But since Plaintiff's motion only has merit if the Court ignores the legal meanings of "actual" and "caused," her motion is denied.

Plaintiff does not cite a procedural basis for her motion, but the Court will treat it as one under Fed. R. Civ. P. 59. A Rule 59(e) motion "may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available."

*Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). A motion to correct errors "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). This Court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

As a quick refresher, decedent Allen Bell was injured when he slipped and fell in a water puddle at a self-checkout register at one of Defendant's stores. The puddle was created by the customer right before Bell, who had purchased several potted mums. Those mums had been watered that morning by Defendant's employee.

Plaintiff disagrees with the Court's (misquoted) statement that she "identified no evidence that would demonstrate Defendant or its employees had [] actual knowledge of the puddle." (ECF No. 29 at 1) (quoting ECF No. 27 at 5). Plaintiff asserts that Defendant:

> 1) watered the mums shortly prior to Mr. Bell's fall, 2) had a practice where they watered the outdoor plants early in the morning or late in the afternoon in the hope that they would not be dripping when brought into the store, 3) chose to not remove the wet plants from sale until dry, 4) chose to diamond polished their floors making them slippery when wet, 5) failed to mitigate the danger by placing absorbent mats in the checkout area, 6) employee failed to recognize that a cartload of newly watered mums would drip on the floor, despite the fact that he had been trained to watch for such common hazards.

(ECF No. 29 at 1-2) (all sic). She claims that these facts gave Defendant ***actual*** knowledge of the puddle in which decedent Allen Bell slipped under *F.W. Woolworth Co. v. Jones*, 130 N.E.2d 672 (Ind. 1995), and *Wal-Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624 (Ind. Ct App. 1992). This is despite evidence, which Plaintiff does not dispute, that the puddle was created only seconds before

2

Bell fell, and other evidence that Defendant's employees were unaware of the existence of the puddle.

First, neither *Woolworth* or *Blaylock* were discussed, or even cited, either in Plaintiff's response to Defendant's motion for summary judgment (ECF No. 21) or her court-permitted surreply (ECF No. 25-1). Her motion to reconsider, advancing arguments based on new (but decades old) case law, is too little, too late. "A party seeking to defeat a motion for summary judgment is required to wheel out all its artillery to defeat it. . . . Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citations omitted). "Whether a matter of strategy or inadvertence," Plaintiff's failure to advance her argument during the summary judgment proceedings forecloses consideration of it now. *Id*.

Waiver aside, Plaintiff's argument has no legal merit. Let's start with the meaning of "actual knowledge." Indiana law does not, at least as far as the Court can tell, define "actual knowledge," but it's not hard to figure out what the term means from the case law. Every Indiana case the Court has reviewed has interpreted "actual knowledge" in this context as meaning that the store owner or its employees were aware of the precise condition that caused the fall. *See*, *e.g.*, *Waldon v. Wal-Mart Stores, Inc., Store No. 1655*, 943 F.3d 818, 822 (7th Cir. 2019) (interpreting Indiana law) (store demonstrated lack of actual knowledge by submitting affidavit of employees stating no employee "was aware of the existence of any potential hazards on the floor"); *Schultz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012) (store demonstrated lack of actual knowledge by submitting affidavit of employee that no employee was "notified of the existence of any foreign substance(s) or potential hazard(s) on the floor at any time prior to the alleged fall").

3

Plaintiff does not, and cannot, point to any evidence showing that Defendant or its employees were aware of the puddle in which Bell slipped. There is no actual knowledge here.

Plaintiff's argument seems to be that, because the water Defendant used to water its mums was the same water that formed the puddle, Defendant "created" the puddle and therefore had actual knowledge it existed. The argument not only ignores the meaning of the word "created" but ignores nearly a century of Indiana law. As the Indiana Court of Appeal en banc stated in 1939, in a quote that, through a series of citations, would inspire Plaintiff's preferred quote in *Woolworth*,

> in cases of an injury due to some loose object upon the floor, the cases rightfully make a distinction between those cases where the object was placed on the floor by the storekeeper or his agents or servants and the cases where the object was placed on the floor by some third person. This distinction arises by reason of the fact that if the storekeeper or his agents or servants place the loose object upon the floor then the storekeeper will be presumed to have notice. If the loose object be placed on the floor by some third person without the knowledge of the storekeeper or his agents or servants, then, of course, notice would not be imputed to the storekeeper, unless the object is allowed to remain on the floor for such length of time and under such conditions as that it may be said that if the storekeeper had used ordinary care he would have discovered it.

*J.C. Penney, Inc. v. Kellermeyer*, 19 N.E.2d 882, 884 (Ind. Ct. App. 1939). In every Indiana case after, a storeowner is only said to have "created" the dangerous condition on a floor when he affirmatively placed the offending substance on the floor. *See, e.g.*, *Montgomery-Ward v. Wooley*, 94 N.E.2d 677 (Ind. Ct. App. 1950) (store treated floor with oil); *Kroger Co. v. Ward*, 267 N.E.2d 189, 191 (Ind. Ct. App. 1971) ("the storekeeper is not liable for objects on the floor placed by third persons . . . [unless] that object remains on the floor for such a length of time and under such conditions that it would have been discovered before the injury by the exercise of ordinary care"). The facts are undisputed that the water was spilled by another customer, not Defendant or its employees. Defendant did not "create" the puddle.

So the basic legal principle for which Plaintiff cites *Woolworth* and *Blaylock*, that a store can be held liable for a slip and fall if it creates the dangerous condition or has actual knowledge of it, has no application here. And nothing in the facts of those cases helps Plaintiff, either. In *Woolworth*, the Indiana Supreme Court reversed a jury verdict for a plaintiff impaled by a splinter in a counter at the defendant's store, concluding that "there is no evidence that the splinter protruded from the counter's edge." *F.W. Woolworth*, 130 N.E.2d at 674. In *Blaylock*, the Court of Appeals affirmed a jury verdict for a man injured avoiding a falling stack of trunks that had been stacked by the defendant's employees. *Blaylock*, 591 N.E.2d at 625. Neither bears even the slightest similarity to this case.

Stated simply, the only thing Plaintiff has shown is that Defendant was, or should have been, aware of the potential for freshly watered plants to spill water inside its stores. But the Seventh Circuit has made clear that knowledge of potential harms "does not automatically impute instantaneous knowledge of when those hazards come about." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1089 (7th Cir. 2018). That was true for the tracked-in snow in *Austin*, and Plaintiff has not, in three briefs, pointed to a single case stating that it is not true for the mum-dripped water here. Plaintiff's arguments to set aside the entry of judgment for Defendant are waived, meritless, and unsuccessful.

For these reasons, Plaintiff's Motion to Alter or Amend Judgement (sic) (ECF No. 29) is DENIED.

SO ORDERED on October 30, 2023.

                                        s/ *Holly A. Brady*
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT